UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos LEON,<br><br>                    Plaintiff,<br>v.<br><br>Alvaro CELAYA, et al.,<br><br>                    Defendants. | Case No.: 20-cv-00899-AJB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 9, 11] |

Plaintiff Carlos Leon ("Plaintiff") is a state prisoner proceeding *in forma pauperis* and *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* ECF Nos. 1, 3.) On January 4, 2021, Defendant Alvaro Celaya and Defendant James Martinson filed their Answer to Plaintiff's Complaint. (ECF No. 6.) On January 14, 2021, the Court determined that neither an Early Neutral Evaluation Conference nor a Case Management Conference was needed in this case pursuant to Civil Local Rule 16.1(e)(8) and issued a Scheduling Order that provided deadlines for discovery and other pretrial dates. (ECF No. 7.)

Plaintiff filed his first Motion for Appointment of Counsel, *nunc pro tunc*, on January 22, 2021. (ECF No. 9.) In support of his motion, Plaintiff states that he is unable to afford counsel and indicates that he has already requested leave to proceed *in forma*

*pauperis*. (*Id.* at 1.) Plaintiff states that "the issues involved in this case are complex and will require significant research and investigation." (*Id.* at 1–2.) Plaintiff argues that his imprisonment will also "greatly limit his ability to litigate," since "[he] has limited to no access to the law library and limited knowledge of the law." (*Id.*) Plaintiff then states that "a trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses." (*Id.* at 2.)

Also currently pending before the Court is Plaintiff's second Motion for Appointment of Counsel, which was filed *nunc pro tunc* on February 2, 2021. (ECF No. 11.) Plaintiff raises the same exact arguments that he brings in the first motion. (*Id.*; *see also* ECF No. 9.)

## I. LEGAL STANDARD

"There is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-appointed attorney in section 1983 claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). District Courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989); *Palmer*, 560 F.3d at 970. "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these issues is dispositive and both must be viewed together before making a decision." *Id.*

## II. DISCUSSION

Plaintiff claims that he is unable to afford a lawyer and indicates that he has been granted leave to proceed *in forma pauperis*. (ECF Nos. 9 at 1; 11 at 1.) However, this

alone does not entitle Plaintiff to the appointment of counsel. *See Thornton*, 2011 WL 90320, at *6 ("First, [plaintiff] repeats his assertion that he cannot afford counsel by referring to his request to proceed in forma pauperis. [. . .] Even though he was granted in forma pauperis status [. . .], his argument is not persuasive because indigence alone does not entitle a plaintiff to appointed counsel.").

Notwithstanding, the Court has discretion in requesting an attorney to represent Plaintiff upon a showing of exceptional circumstances. *See Agyeman*, 390 F.3d at 1103 (citing *Wilborn*, 789 F.2d at 1331); *Thornton*, 2011 WL 90320, at *3 ("But even after a plaintiff [establishes that he is indigent], 'he is entitled to appointment of counsel only if he can [also] show exceptional circumstances.'"). In determining whether exceptional circumstances are present, the Court will evaluate (1) Plaintiff's likelihood of success on the merits and (2) Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* The Court address each issue in turn.

### a. Likelihood of Plaintiff's Success on the Merits

Plaintiff offers no argument or evidence to the effect that he has a likelihood of success on the merits in support of his two motions. And when a Plaintiff provides no evidence of his likelihood of success at trial, he fails to satisfy the first factor of the *Wilborn* test. *See*, *e.g.*, *Eusse v. Vitela*, No. 3:13-CV-00916-BEN, 2015 WL 4404865, at *2 (S.D. Cal. July 2015) (holding that the plaintiff failed to satisfy the first *Wilborn* factor by not providing any evidence aside from his own assertions regarding the likelihood of success on the merits); *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that the plaintiff failed to satisfy the first *Wilborn* factor where he offered "no evidence other than his own assertions to support his claims."). "Allegations made in the pleadings, without further corroborating evidence presented thereafter, are insufficient to demonstrate the likelihood of success at trial." *Rademaker v. Paramo*, No. 317CV02406BTMJLB, 2018 WL 3303172, at *1 (S.D. Cal. July 2018) (citing *Bailey*, 835 F. Supp. at 552). Although Plaintiff's Complaint survived screening based on the facts alleged, those allegations present only one view of the case and does not demonstrate a likelihood of success on the

merits. *See*, *e.g.*, *Williams v. Ortega*, No. 18CV547-LAB-MDD, 2020 WL 6807410, at *2 (S.D. Cal. Oct. 2020) ("The Court notes that Plaintiff's claims are not particularly complex, and although sufficient to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits."); *Medrano v. Ortega*, No. 319CV00423-AJB-MDD, 2019 WL 2191348, at *3 (S.D. Cal. May 2019) (denying appointment of counsel when it was too early to determine whether here is a likelihood of success on the merits despite surviving the initial screening). Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first factor.

Further, the case remains in its early stages with the only substantive filings by the parties being Plaintiff's Complaint, Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Defendant's Answer, and Plaintiff's two Motions for Appointment of Counsel. (ECF Nos. 1, 2, 6, 9, 11.) The Court also recently issued a Scheduling Order on January 14, 2021. (ECF No. 7.) At this stage, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claims. *See*, *e.g.*, *Mascrenas v. Wagner*, No. 19CV2014-WQH-BLM, 2020 WL 2842117, at *1 (S.D. Cal. Apr. 2020) (finding that it was "too early for the Court to determine Plaintiff's likelihood of success on the merits" where Plaintiff had only submitted a Complaint, along with Exhibits; a Motion to Proceed in forma pauperis; a Prisoner Trust Fund Account; and the pending Motion to Appoint Counsel), *reconsideration denied*, No. 19CV2014-WQH-BLM, 2020 WL 2838677 (S.D. Cal. June 2020); *Rademaker*, 2018 WL 3303172, at *1 (finding that the Court could not determine whether the Plaintiff was likely to succeed on the merits of his claim since the case was still in its early stages, where only a joint discovery plan was filed and the parties had not completed discovery); *Garcia v. Smith*, No. 10-cv-01187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 2012) (denying motion for appointment of counsel because it was too early to determine whether any of the plaintiff's claims would be successful).

Although Plaintiff states that "this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses," this in itself does not show a likelihood of success on the merits. *See O'Brien v. Gularte*,

No. 18-CV-00980-BAS-MDD, 2018 WL 3729290, at *1 (S.D. Cal. Aug. 2018) (finding Plaintiff's argument that a lawyer will be needed to cross-examine witnesses in the future did not show a likelihood of success on the merits).  Therefore, the Court concludes that Plaintiff has failed to satisfy the first *Wilborn* factor.

### b. Plaintiff's ability to articulate his claims *pro se*

Where a *pro se* civil rights plaintiff shows that he has a good grasp of basic litigation procedure and has been able to articulate his claims adequately, he does not demonstrate the exceptional circumstances required for the appointment of counsel.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Eusse*, 2015 WL 4404865, at *2 ("[W]here a pro se civil litigant shows he has a good grasp of basic court procedure and sets forth the factual and legal basis for his claims in a straightforward manner, he is not entitled to court-appointed counsel.").  As another court in this district noted, there is "no doubt [that] most *pro se* litigants find it difficult to articulate their claims and would be better served with the assistance of counsel."  *Garcia v. Cal. Dep't of Corrections & Rehab.*, No. 12CV1084-IEG-KSC, 2013 WL 485756, at *1 (S.D. Cal. Feb. 2013).  However, whether a litigant would have fared better with or without counsel is not the test for appointment of counsel.  *Thornton v. Schwarzenegger*, No. 10CV01583-BTM-RBB, 2010 WL 3910446, at *5 (S.D. Cal. Oct. 2010).  It is for this reason that federal courts employ procedures that protect a *pro se* litigant's rights.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In *pro se* civil rights cases, a court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Thus, where a *pro se* plaintiff can articulate his claims in light of their relative complexity, there are no exceptional circumstances to justify appointment of counsel.  *Garcia,* 2013 WL 485756, at *1 (citing *Wilborn*, 789 F.2d at 1331).

Plaintiff argues that "the issues involved in this case are complex, and will require significant research and investigation." (ECF Nos. 9 at 1; 11 at 1.)  In this case, Plaintiff contends that his Eighth Amendment rights were violated while incarcerated at Corcoran State Prison Facility, when Defendant Celaya allegedly used excessive force while

tightening Plaintiff's handcuffs and Defendant Martinson allegedly allowed for this conduct to happen under his supervision. (ECF No. 1.) After reviewing the Complaint and other pleadings, the Court finds that the issues Plaintiff raises are not particularly complex. The Court also understands Plaintiff's claims and the relief sought. Further, Plaintiff demonstrates a good grasp on basic litigation procedure, as evidenced by his ability to state a claim in his Complaint, his ability to attach exhibits to his Complaint, his ability to properly fill out and serve the summons, his Motion for Leave to Proceed *in forma pauperis*, and his two Motions for Appointment of Counsel. (*See* ECF Nos. 1, 2, 9, 11, 12.) These filings suggest that the Plaintiff can adequately navigate the legal process. *See Thornton v. Schwarzenegger*, No. 10CV01583-BTM-RBB, 2011 WL 90320, at *6 (S.D. Cal. Jan. 2011) (citing *Plummer v. Grimes,* 87 F.3d 1032, 1033 (8th Cir.1996) (finding the district court did not abuse its discretion in denying plaintiff counsel, in part because plaintiff adequately filed a complaint and other pretrial materials)).

Plaintiff further asserts that his imprisonment will "greatly limit his ability to litigate" and that he should be appointed counsel due to having "limited to no access to the law library and limited knowledge of the law." (ECF Nos. 9 at 1–2; 11 at 1–2.) However, the circumstances cited by Plaintiff are typical of almost every *pro se* prisoner civil rights plaintiff and alone are insufficient to demonstrate the "exceptional circumstance" required to justify appointment of counsel. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Marquez v. United States*, No. 318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018) ("[M]any of Plaintiff's assertions, such as limited education, no legal training, and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances."); *Galvan v. Fox*, No. 2:15-CV-01798-KJM-DB, 2017 WL 1353754, at *8 (E.D. Cal. Apr. 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel."); *Jones v.*

*Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3–*4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Eusse*, 2015 WL 4404865, at *2 ("[T]hese discovery concerns, as well as Plaintiff's limited access to the prison library, do not present "exceptional circumstances," but rather illustrate the difficulties any prisoner would have litigating *pro se*.").

Additionally, Courts in this circuit have declined to find that challenges presented by the COVID-19 pandemic establish exceptional circumstances. *See*, *e.g.*, *Pitts v. Washington*, No. 18-CV-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic."); *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) (denying motion for appointment of counsel and explaining that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. [. . .] The impacts of the COVID-19 health crisis on prison operations are also common to all prisoners.").

Plaintiff claims that "a trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses." (ECF Nos. 9 at 2; 11 at 2.) However, since this case is barely entering the discovery phase, this concern does not present an exceptional circumstance warranting the appointment of counsel at this time. *See Eusse*, 2015 WL 4404865, at *3 ("Plaintiff contends he should be appointed counsel because he has demanded a jury trial and he is ill-suited to present his case or handle issues of conflicting testimony and credibility on his own. [. . .] However, these concerns do not present an exceptional circumstance warranting appointment of counsel at this time, as this case is still in the discovery phase."); *Miller v. LaMontagne*,

No. 10-CV-702-WQH-BGS, 2012 WL 1666735, at *2 (S.D. Cal. May 2012) ("Plaintiff's assertions regarding presenting evidence and cross-examining witnesses at trial does not present an exceptional circumstance warranting appointment of counsel at this time, as this case is in the discovery phase and has not yet survived summary judgment.").

In sum, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se*, given the complexity of the issues involved, and concludes that Plaintiff has failed to satisfy the second *Wilborn* factor.

## III.   CONCLUSION

Accordingly, the Court does not find exceptional circumstances warranting the appointment of counsel at this time.  Plaintiff's Motions for Appointment of Counsel (ECF Nos. 9, 11) are **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated:  February 12, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge