UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos LEON,<br><br>        Plaintiff,<br><br>v.<br><br>Alvaro CELAYA, et al.,<br><br>        Defendant. | Case No.: 20-cv-00899-AJB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INDEPENDENT EXPERT**<br><br>**[ECF No. 21]** |

Plaintiff Carlos Leon is a state prisoner proceeding *in forma pauperis* ("IFP") and *pro se* in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff's Motion for Independent Expert is currently pending before the Court. (ECF No. 21.) In his motion, Plaintiff emphasized the importance of expert testimony in prisoner cases and proffered that an expert is needed in order to avoid "a wholly one-sided presentation of opinions on the issue." (*Id.* at 1–2.)

There is no requirement that a prisoner present expert testimony to prevail on a constitutional claim under 42 U.S.C. § 1983. *Medina v. Morris*, No. 09CV169-JAH-KSC, 2014 WL 12686742, at *3 (S.D. Cal. Jan. 2014). An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has discretion to appoint an independent expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability*

*Plan*, 180 F.3d 1065, 1071(9th Cir. 1999). Such an appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Torbert v. Gore*, No. 14CV2911-BEN-NLS, 2016 WL 3460262, at *2 (S.D. Cal. June 2016); *see also Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."). However, as a general matter, appointing an independent expert under Rule 706 should be taken sparingly. *See*, *e.g.*, Fed. R. Civ. P. 706 Advisory Committee Notes, 1972 Proposed Rules ("[E]xperience indicates that actual appointment is a relatively infrequent occurrence[.]").

Critically, the *in forma pauperis* statute, 28 U.S.C. § 1915, does not waive the requirement of payment of fees or expenses for a witness in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (denying compensation for two medical doctors subpoenaed to testify on a prisoner's behalf in section 1983 action); *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (section 1915 "does not waive payment of fees or expenses for those witnesses." As "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress" and there is "no such authorization in section 1915"); *Bovarie v. Schwarzenegger*, No. 08CV1661-LAB-NLS, 2011 WL 7468597, at *19 (S.D. Cal. Sept. 2011) ("Section 1915 [. . .] does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs."), *report and recommendation adopted*, 2012 WL 760620 (S.D. Cal. Mar. 2012); *see* 28 U.S.C. § 1915. Rule 706 specifies that a court-appointed expert "is entitled to a reasonable compensation, as set by the court[, and] is payable [. . .] by the parties in the proportion and at the time that the court directs[.]" Fed. R. Evid. 706(c)(2). While a court does have the ability to apportion all the costs of an appointed expert to one side in an appropriate case, where the cost would likely be apportioned to the government, the court should exercise caution. *Sekerke v. Gonzalez*, No. 15CV00573-JLS-WVG, 2017 WL 1399990, at *2 (S.D. Cal. April 2017).

Further, an expert appointed pursuant to Rule 706 does not serve as an advocate for either party and each party still retains the ability to call its own experts. Fed. R. Evid. 706(e); *Torbert*, 2016 WL 3460262, at *2 ("Reasonably construed [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties."); *Faletogo v. Moya*, No. 12CV631-GPC-WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Medina*, 2014 WL 12686742, at *3 ("a party may not seek appointment of an expert witness by the Court for its own benefit"); *Walker v. Woodford*, No. 05CV1705-LAB-NLS, 2008 WL 793413, at *1 (S.D. Cal. Mar. 2008), *aff'd*, 393 F. App'x 513 (9th Cir. 2010).

Here, Plaintiff emphasized the importance of expert testimony in prisoner cases and proffered that an expert is needed in order to avoid "a wholly one-sided presentation of opinions on the issue." (ECF No. 21 at 1–2.) Even though an independent expert witness may be appointed when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue," at this stage of the litigation process, motions related to trial issues, like the appointment of an independent expert witness, are premature. *Torbert*, 2016 WL 3460262, at *2; *Carroll v. Yates*, No. 1:10-CV-00623-SKO-PC, 2012 WL 1868036, at *1 (E.D. Cal. May 2012). Until the court has had the opportunity to review the arguments and evidence submitted by the parties, no determination can be made on whether the issues are so complex that the testimony of an expert to assist the trier of fact is required. *See Cejas v. Brown*, No. 18CV00543-WQH-JLB, 2019 WL 3220154, at *2 (S.D. Cal. July 2019) (finding that the plaintiff's motion for appointment of a neutral expert witness was premature since the case was still in its discovery phase); *Vanderbusch v. Chokatos*, No. 113CV01422LJOEPGPC, 2017 WL 4574121, at *2–*3 (E.D. Cal. Oct. 2017) (holding that the motion to appoint a neutral expert witness was premature since there were no pending matters on which the court would require special assistance in a case where Plaintiff claimed that the Defendant ignored medical information from Plaintiff and from medical records); *Mora v. Salahuddin*,

No. 1:08-CV-01054GSAPC, 2009 WL 2776846, at *1 (E.D. Cal. Aug. 2009) (finding that the motion to appoint an expert witness was premature when there was no evidence before the court that required interpretation).

Even if this motion was not premature, the IFP statute still does not waive payment for fees and expenses relating to expert witnesses in a prisoner civil rights action under § 1983. *Sinegal v. Duarte*, 11CV2534-BEN-JMA, 2013 WL 5408602, at *2 (S.D. Cal. Sept. 2013). The court recognizes the challenges that IFP litigants face in retaining an expert witness, but this court does not have the authority to waive the fees required to pay for an expert witness for the Plaintiff. *Tedder*, 890 F.2d at 211–12.

Therefore, the Court finds that Plaintiff's Motion for Independent Expert (ECF No. 21) must be **DENIED** without prejudice at this time.[1] Further, while Plaintiff may designate an expert witness, to the extent he is requesting payment of expert fees under 28 U.S.C. §1915, that request is DENIED. *See Dixon*, 990 F.2d at 480; *Bovarie*, 2011 WL 7468597, at *19.

**IT IS SO ORDERED.**

Dated: June 18, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] The Court may still appoint an expert witness if Plaintiff is able to show at a later stage of litigation that testimony by a neutral expert is necessary for the trier of fact. *See Carroll*, 2012 WL 1868036, at *1 (denying motion for court-appointed expert as premature); *Medina*, 2014 WL 12686742, at *4 (allowing plaintiff to renew his request at the time of the pre-trial conference if "he is able to show that testimony by a neutral expert is necessary for the trier of fact to comprehend a material issue in the case").